## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SHAWN BURKE PHELPS**<br>**109 S. Grant**<br>**Smith Center, Kansas 66967**<br><br>                    **Plaintiff,**<br><br>**vs.**<br><br>**STATE OF KANSAS**<br>**c/o KANSAS ATTORNEY GENERAL**<br>**120 S.W. 10th Ave., 2nd Floor**<br>**Topeka, Kansas 66612**<br><br>**SMITH COUNTY, KANSAS**<br>**c/o BOARD OF COUNTY**<br>**COMMISSIONERS**<br>**218 S. Grant, Suite 5**<br>**Smith Center, Kansas 66967**<br><br>**CITY OF SMITH CENTER, KANSAS**<br>**c/o SMITH CITY COUNCIL**<br>**119 W. Court St., Suite A**<br>**Smith Center, Kansas 66967**<br><br>**SMITH COUNTY, KANSAS,**<br>**SHERIFF'S DEPARTMENT**<br>**217 S. Jefferson St.**<br>**Smith Center, Kansas 66967**<br><br>**ADAM Y. ZENTNER**<br>**Individually and in his official capacity,**<br>**8056 Hall Street**<br>**Lenexa KS 66219-1868**<br><br>**TABITHA OWEN**<br>**Individually and in her official capacity,**<br>**215 S. Washington St.**<br>**Smith Center KS 66967-2617** | **Case No.: _____** |

**BRUCE LEHMAN**
**Individually and in his official capacity,**
**216 E. South City Limit St.**
**Smith Center KS 66967-3112**

**CHRIS BAILEY**
**Individually and in his official capacity,**
**616 S. Washington St.**
**Smith Center KS 66967-2920**

**JEREMY PRESBREY**
**Individually and in his official capacity,**
**114 W. 3rd St.**
**Smith Center KS 66967-1511**

**TRAVIS CONAWAY**
**Individually and in his official capacity,**
**207 B Street**
**Smith Center KS 66967-2208**

**BRYSON POTTER**
**Individually and in his official capacity,**
**1620 SW Tyler St.**
**Topeka KS 66612**

**BRYCE WIEHL**
**Individually and in his official capacity,**
**818 E. Kansas Avenue**
**Smith Center KS 66967-2306**

**HOPE PADILLA**
**Individually and in her official capacity,**
**405 White Rock Rd.**
**Smith Center KS 66967-9573**

                                   **Defendants.**

## **COMPLAINT**

COMES NOW Shawn Burke Phelps ("Plaintiff"), and for his causes of action against State of Kansas; Smith County, Kansas, Board of County Commissioners ("Smith County"); Smith County Sheriff's Department ("SCSD"); City of Smith Center, Kansas ("Smith Center"); Adam

Y. Zentner, individually and in his official capacity ("Zentner"); Tabitha Owen, individually and in her official capacity ("Owen"); Bruce Lehman, individually and in his official capacity ("Lehman"); Chris Bailey, individually and in his official capacity ("Bailey"); Jeremy Presbrey, individually and in his official capacity ("Presbrey"); Travis Conaway, individually and in his official capacity ("Conaway"); Bryson Potter, individually and in his official capacity ("Potter"); Bryce Wiehl, individually and in his official capacity ("Wiehl"); and Hope Padilla, individually and in her official capacity ("Padilla") (collectively, "Defendants"), states as follows:

### THE PARTIES, JURISDICTION AND VENUE

1.      Plaintiff is an individual who resides in Smith County, Kansas.

2.      Smith County is a county and municipality in Kansas, and it may be served with process by serving the Board of County Commissioners or Clerk of Smith County.

3.      SCSD is an agency of Smith County, located in Smith County, Kansas, and may be served with process in Smith County, Kansas.

4.      Smith Center is a city and municipality located in Smith County, Kansas, and it may be served with process by serving its City Council or the City Clerk.

5.      Zetner was, at all relevant times hereto, an assistant Kansas Attorney General who pursued the State prosecution of Plaintiff in Smith County, Kansas.

6.      Owens is a resident of Smith County, Kansas, and the Smith County Prosecutor.

7.      Lehman is a resident of Smith County, Kansas, and the Smith County Sheriff.

8.      Bailey is a resident of Smith County, Kansas, and was at all relevant times the Under Sheriff of Smith County, Kansas.

9.      Presbrey is a resident of Smith County, Kansas, and was at all relevant times a Deputy Sheriff of Smith County, Kansas.

3

10.     Conaway is a resident of Smith County, Kansas, and was at all relevant times a Deputy Sheriff of Smith County, Kansas.

11.     Potter is a resident of Kansas and at all relevant times was an agent with the Kansas Bureau of Investigation ("KBI").

12.     Wiehl is a resident of Smith County, Kansas, and was at all relevant times was the Mayor of Smith Center, Kansas.

13.     Padilla is a resident of Smith County, Kansas, and at all relevant times was the Director of Economic Development for Smith Center, Kansas.

14.     Jurisdiction and venue are proper before this Court because the claims asserted herein are being brought under 42 U.S.C. § 1983 for violations of Plaintiff's rights under the Federal Constitution, and because the acts or omissions giving rise to the claims occurred in Smith County, Kansas.

## FACTS RELEVANT TO ALL COUNTS

15.     In or about 2019 or 2020, Plaintiff was elected to the Smith Center City Council.

16.     While on the City Council, Plaintiff made legitimate complaints about how the City Council has and was continuing to do business, including regarding how it was spending taxpayer money.  Plaintiff also complained about how Wiehl conducted himself both professionally and privately, including suspected criminal activity on the part of Wiehl.

17.     In or about June 2020, in retaliation for Plaintiff's legitimate complaints and exercise of his constitutional rights to free speech, Wiehl and Padilla began conspiring with and/or encouraging the SCSD and one or more of its officers, including but not limited to Bailey and Presbrey, to investigate clearly unfounded criminal complaints against Plaintiff.

18.     In addition, in or about April 2020, Padilla encouraged an individual to make an unfounded and baseless complaint against Plaintiff in his official capacity as a City Council Member.

19.     Through the summer of 2020, Plaintiff continued complaining about how Smith Center conducted business, Wiehl's suspected criminal behavior, and the unfounded and baseless complaints that were being made against him.

20.     In August 2020, Wiehl used an executive session in a City Council meeting to make a baseless accusation against Plaintiff that Plaintiff threatened to harm Wiehl with a firearm. Padilla, Wiehl, and Owen subsequently falsely claimed to have witnessed Plaintiff criminally threaten Wiehl during this meeting.

21.     Padilla and Wiehl also baselessly began accusing Plaintiff of stalking.

22.     Upon information and belief, Padilla, Wiehl, and Owen conspired with each other to manufacture this baseless criminal threat claim at the meeting; and after the meeting, Wiehl made an official report with the SCSD through Bailey and then applied for an order of protection from the Smith County District Court.  However, shortly thereafter, Wiehl voluntarily dropped the application for a protection order in early September 2020.

23.     While investigating the baseless allegations of criminal threat and stalking, the SCDC, including but not limited to Bailey and/or Presbrey ("Sheriff Defendants"), in violation of the Fourth Amendment to the Constitution, seized Plaintiff's cell phone and began going through all the data on the cell phone, including all Plaintiff's text conversations.

24.     After reviewing all the data, the Sheriff Defendants asked for and received the assistance of Potter, who in violation of Plaintiff's Fourth Amendment rights, downloaded all the data from Plaintiff's phone on or about August 13, 2020.

25.     From August 2020 through April 2021, Plaintiff continued serving on the City Council and raising the same complaints as described above, even despite a Petition for Recall of Elected Official filed in April based on the false allegations, as well as a false allegation that the KBI was investigating Plaintiff due to his phone having been seized in violation of the Fourth Amendment.

26.     On or about May 5, 2021, Zentner, on behalf of the State of Kansas, filed a baseless Criminal Complaint against Plaintiff for various alleged sex crimes, criminal threat, and stalking based on the above-described false allegations and constitutional violations.

27.     On that same date, Plaintiff was seized and booked, but he bonded out by paying $100,000, cash from his own pocket.

28.     On June 8, 2021, Padilla filed a baseless application for protection order with the Smith County District Court.

29.     On June 9, 2021, the very next day, Zentner filed a Motion to Revoke Bond based on Padilla's baseless application.

30.     On July 1, 2021, while Padilla's baseless application was pending, Conaway and another deputy arrested Plaintiff for allegedly violating the temporary order of protection.  The arrest was directed by Bailey based on false allegations ostensibly made by Bailey in one or more affidavits.

31.     Plaintiff spent the night in jail and appeared before the Smith County District Court the next day, July 2, 2021, in a jail jumpsuit and shackles.

32.     Upon information and belief, a Phillips County attorney was engaged to evaluate and/or handle the prosecution of Plaintiff for the alleged violation of the temporary order of protection.  However, the Phillips County attorney, recognizing the lack of basis for the charge,

advised that Plaintiff should be released.  The District Court then allowed Plaintiff to be released but required Plaintiff to remain confined at his parents' house and then required him to wear an ankle monitor.

33.     Plaintiff remained confined to his home, with an ankle monitor, until on or about July 9, 2021, when the baseless criminal charge was voluntarily dropped.

34.     Padilla's baseless application for protection order was subsequently dismissed by the District Court, which found "Plaintiff failed to prove allegations in the petition filed on June 9, 2021."

35.     Ultimately, all criminal charges against Plaintiff were dismissed and/or were otherwise terminated in Plaintiff's favor on February 4, 2022, after a week-long jury trial.

36.     In speaking with the jurors after the trial, one or more of them made statements suggesting the prosecution was meritless.

37.     The actions taken above were in furtherance of a conspiracy by Defendants to violate Plaintiff's state and federal constitutional rights, abuse process, maliciously prosecute Plaintiff, falsely arrest and detain Plaintiff, intentionally cause emotional distress, and otherwise violate Plaintiff's rights in retaliation for the exercise of his constitutional rights and to obtain his removal or voluntary resignation by the City Council.

38.     As a result of these actions, Plaintiff has suffered severe economic damages, emotional distress, mental anguish, and other damages exceeding $1,000,000.00.

## COUNT I – SECTION 42 USC 1983

39.     All the above paragraphs are incorporated herein by reference.

40.     Defendants violated Plaintiff's constitutional rights in one or more of the following ways:

a.  Abusing legal process to maliciously harm Plaintiff.

b.  Malicious prosecution of Plaintiff.

c.  Falsely arresting, detaining, and imprisoning Plaintiff.

d.  Governmental defamation of Plaintiff.

e.  Singling out Plaintiff for disparate treatment as a protected "Class of One."

f.  Violating Plaintiff's substantive and procedural due process rights.

g.  Retaliating against Plaintiff for exercising his constitutional rights.

41.     As a result of these constitutional violations, Plaintiff has suffered economic, emotional, and physical damages exceeding $1,000,000.00.

## COUNT II – CONSPIRACY UNDER 42 U.S.C. 1983

42.     All the above paragraphs are incorporated herein by reference.

43.     The Defendants acted maliciously and in coordination with the common purpose and agreement of attempting to harm Plaintiff, including securing his removal from public office, by manufacturing baseless allegations, abusing process, malicious prosecution, illegally searching and detaining, and otherwise violating Plaintiff's constitutional rights.

44.     The actions of Defendants constitute a conspiracy.

45.     As a result of Defendants' actions, Plaintiff has suffered economic, emotional, and physical damages exceeding $1,000,000.00.

## COUNT III – ABUSE OF PROCESS
## (ONLY AGAINST STATE OF KANSAS, ZENTNER, AND POTTER)

46.     All the above paragraphs are incorporated herein by reference.

47.     State of Kansas, Zentner, and Potter ("State Defendants") made an illegal, improper, and unauthorized use of the process.

48.     The State Defendants knew of the illegal, improper, and unauthorized use of the process.

49.     This was done to harass and cause great hardship to the Plaintiff.

50.     As a result of these actions, Plaintiff suffered economic, emotional, and physical damages exceeding $1,000,000.00.

## COUNT IV – INTENTIONAL OR RECKLESS INFLICTION OF EMOTIONAL DISTRESS

### (ONLY AGAINST STATE OF KANSAS, ZENTNER, AND POTTER)

51.     All the above paragraphs are incorporated herein by reference.

52.     The State Defendants was intentional or in reckless disregard of the Plaintiff and his rights.

53.     The conduct was extreme and outrageous.

54.     As a result of this conduct, Plaintiff suffered and continues to suffer mental distress, which is extreme and severe.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

**GATES SHIELDS FERGUSON**
**SWALL HAMMOND, P.A.**

By: _____
    Court T. Kennedy KS # 22067
    10990 Quivira; Suite 200
    Overland Park, KS 66210-1284
    Telephone: (913) 661-0222
    Facsimile: (913) 491-6398
    ckennedy@gatesshields.com

    **ATTORNEY FOR PLAINTIFF**