# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHAWN BURKE PHELPS<br>109 S. Grant<br>Smith Center, Kansas 66967<br><br>      Plaintiff,<br><br>vs.<br><br>STATE OF KANSAS<br>c/o KANSAS ATTORNEY GENERAL<br>120 S.W. 10th Ave., 2nd Floor<br>Topeka, Kansas 66612<br><br>SMITH COUNTY, KANSAS<br>c/o BOARD OF COUNTY<br>COMMISSIONERS<br>218 S. Grant, Suite 5<br>Smith Center, Kansas 66967<br><br>CITY OF SMITH CENTER, KANSAS<br>c/o SMITH CITY COUNCIL<br>119 W. Court St., Suite A<br>Smith Center, Kansas 66967<br><br>SMITH COUNTY, KANSAS,<br>SHERIFF'S DEPARTMENT<br>217 S. Jefferson St.<br>Smith Center, Kansas 66967<br><br>ADAM Y. ZENTNER<br>**Individually and in his official capacity,**<br>8056 Hall Street<br>Lenexa KS 66219-1868<br><br>TABITHA OWEN<br>**Individually and in her official capacity,**<br>215 S. Washington St.<br>Smith Center KS 66967-2617 | Case No.: 2:23-cv-02206 |

| | |
|---|---|
| **BRUCE LEHMAN**<br>**Individually and in his official capacity,**<br>**216 E. South City Limit St.**<br>**Smith Center KS 66967-3112**<br><br>**CHRIS BAILEY**<br>**Individually and in his official capacity,**<br>**616 S. Washington St.**<br>**Smith Center KS 66967-2920**<br><br>**JEREMY PRESBREY**<br>**Individually and in his official capacity,**<br>**114 W. 3rd St.**<br>**Smith Center KS 66967-1511**<br><br>**TRAVIS CONAWAY**<br>**Individually and in his official capacity,**<br>**207 B Street**<br>**Smith Center KS 66967-2208**<br><br>**BRYSON POTTER**<br>**Individually and in his official capacity,**<br>**1620 SW Tyler St.**<br>**Topeka KS 66612**<br><br>**BRYCE WIEHL**<br>**Individually and in his official capacity,**<br>**818 E. Kansas Avenue**<br>**Smith Center KS 66967-2306**<br><br>**HOPE PADILLA**<br>**Individually and in her official capacity,**<br>**405 White Rock Rd.**<br>**Smith Center KS 66967-9573**<br><br>    **Defendants.** | |

## SECOND AMENDED COMPLAINT

COMES NOW Shawn Burke Phelps ("Plaintiff"), and for his causes of action against State of Kansas; Smith County, Kansas, Board of County Commissioners ("Smith County"); Smith County Sheriff's Department ("SCSD"); City of Smith Center, Kansas ("Smith Center"); Adam

Y. Zentner, individually and in his official capacity ("Zentner"); Tabitha Owen, individually and in her official capacity ("Owen"); Bruce Lehman, individually and in his official capacity ("Lehman"); Chris Bailey, individually and in his official capacity ("Bailey"); Jeremy Presbrey, individually and in his official capacity ("Presbrey"); Travis Conaway, individually and in his official capacity ("Conaway"); Bryson Potter, individually and in his official capacity ("Potter"); Bryce Wiehl, individually and in his official capacity ("Wiehl"); and Hope Padilla, individually and in her official capacity ("Padilla") (collectively, "Defendants"), states as follows:

## THE PARTIES, JURISDICTION AND VENUE

1. Plaintiff is an individual who resides in Smith County, Kansas.

2. Smith County is a county and municipality in Kansas, and it may be served with process by serving the Board of County Commissioners or Clerk of Smith County.

3. SCSD is an agency of Smith County, located in Smith County, Kansas, and may be served with process in Smith County, Kansas.

4. Smith Center is a city and municipality located in Smith County, Kansas, and it may be served with process by serving its City Council or the City Clerk.

5. Zentner was, at all relevant times hereto, an assistant Kansas Attorney General who pursued the State prosecution of Plaintiff in Smith County, Kansas.

6. Owens is a resident of Smith County, Kansas, and the Smith County Prosecutor.

7. Lehman is a resident of Smith County, Kansas, and the Smith County Sheriff.

8. Bailey is a resident of Smith County, Kansas, and was at all relevant times the Under Sheriff of Smith County, Kansas.

9. Presbrey is a resident of Smith County, Kansas, and was at all relevant times a Deputy Sheriff of Smith County, Kansas.

10. Conaway is a resident of Smith County, Kansas, and was at all relevant times a Deputy Sheriff of Smith County, Kansas.

11. Potter is a resident of Kansas and at all relevant times was an agent with the Kansas Bureau of Investigation ("KBI").

12. Wiehl is a resident of Smith County, Kansas, and was at all relevant times the Mayor of Smith Center, Kansas.

13. Padilla is a resident of Smith County, Kansas, and at all relevant times was the Director of Economic Development for Smith Center, Kansas.

14. Jurisdiction and venue are proper before this Court because the claims asserted herein are being brought under 42 U.S.C. § 1983 for violations of Plaintiff's rights under the Federal Constitution, and because the acts or omissions giving rise to the claims occurred in Smith County, Kansas.

## FACTS RELEVANT TO ALL COUNTS

15. In November 2019, Plaintiff was elected to the Smith Center City Council. He began his tenure on the Council in January 2020.

16. Plaintiff aimed to prioritize the community's best interests and to advocate for a more transparent and ethical city government.

17. While on the City Council, Plaintiff raised valid concerns about the City's business practices, including regarding how it was spending taxpayer money, matters related to economic development programs and loans, suspicious accounting practices, ensuring that the governing body followed ordinances before enforcing violations on citizens, unbiased employee drug testing, and the accuracy of meeting minutes. Plaintiff also voiced concern with how Wiehl conducted

4

himself both professionally and privately, including suspected criminal activity on the part of Wiehl.

18. Despite raising legitimate concerns, Plaintiff encountered an atmosphere of hostility from Wiehl and city staff.

19. In or about June 2020, in retaliation for Plaintiff raising legitimate issues with the operation of city government and for exercising his constitutional rights to free speech, Wiehl, Owen, and Padilla began conspiring with and/or encouraging the SCSD and one or more of its officers, including but not limited to Bailey and Presbrey, to investigate clearly unfounded criminal complaints against Plaintiff.

20. In addition, in or about April 2020, Padilla encouraged an individual to make an unfounded and baseless complaint against Plaintiff in his official capacity as a City Council Member.

21. Through the summer of 2020, Plaintiff continued voicing legitimate concerns about how Smith Center conducted business, Wiehl's suspected criminal behavior, and the unfounded and baseless complaints that were being made against him.

22. In August 2020, Wiehl used an executive session in a City Council meeting to make a baseless accusation against Plaintiff that Plaintiff threatened to harm Wiehl with a firearm. Wiehl and Owen subsequently falsely claimed to have witnessed Plaintiff criminally threaten Wiehl during this meeting.

23. Padilla and Wiehl also baselessly began accusing Plaintiff of stalking.

24. Upon information and belief, Wiehl and Owen conspired with each other to manufacture this baseless criminal threat claim at the meeting; and after the meeting, Wiehl made an official report with the SCSD through Bailey and then applied for an order of protection from

the Smith County District Court. However, shortly thereafter, Wiehl voluntarily dropped the application for a protection order in early September 2020.

25. While investigating the baseless allegations of criminal threat and stalking, the SCDC, including but not limited to Bailey and/or Presbrey ("Sheriff Defendants"), in violation of the Fourth Amendment to the Constitution, seized Plaintiff's cell phone and began going through all the data on the cell phone, including all Plaintiff's text conversations.

26. After reviewing all the data, the Sheriff Defendants asked for and received the assistance of Potter, who in violation of Plaintiff's Fourth Amendment rights, downloaded all the data from Plaintiff's phone on or about August 13, 2020.

27. From August 2020 through April 2021, Plaintiff continued serving on the City Council and raised the same concerns as described above, even despite a Petition for Recall of Elected Official filed in April based on the false allegations, as well as a false allegation that the KBI was investigating Plaintiff due to his phone having been seized in violation of the Fourth Amendment.

28. On or about May 5, 2021, Zentner, on behalf of the State of Kansas, filed a baseless Criminal Complaint against Plaintiff for various alleged sex crimes, criminal threat, and stalking based on the above-described false allegations and constitutional violations.

29. On that same date, Plaintiff was seized and booked, but he bonded out by paying $100,000 in cash from his own pocket.

30. On June 8, 2021, Padilla filed a baseless application for protection order with the Smith County District Court.

31. On June 9, 2021, the very next day, Zentner filed a Motion to Revoke Bond based on Padilla's baseless application.

32. On July 1, 2021, while Padilla's baseless application was pending, Conaway and another deputy arrested Plaintiff for allegedly violating the temporary order of protection. The arrest was directed by Bailey based on false allegations ostensibly made by Bailey in one or more affidavits.

33. Plaintiff spent the night in jail and appeared before the Smith County District Court the next day, July 2, 2021, in a jail jumpsuit and handcuffs.

34. Upon information and belief, a Phillips County attorney was engaged to evaluate and/or handle the prosecution of Plaintiff for the alleged violation of the temporary order of protection. However, the Phillips County attorney, recognizing the lack of basis for the charge, advised that Plaintiff should be released. The District Court then allowed Plaintiff to be released but required Plaintiff to remain confined at his parents' house and then required him to wear an ankle monitor.

35. Plaintiff remained confined to his home, with an ankle monitor, until on or about July 9, 2021, when the baseless criminal charge was voluntarily dropped.

36. Padilla's baseless application for protection order was subsequently dismissed by the District Court, which found "Plaintiff failed to prove allegations in the petition filed on June 9, 2021."

37. Ultimately, all criminal charges against Plaintiff were dismissed and/or were otherwise terminated in Plaintiff's favor on February 4, 2022, after a week-long jury trial.

38. In speaking with the jurors after the trial, one or more of them made statements suggesting the prosecution was meritless.

39. The actions taken above were in furtherance of a conspiracy by Defendants to violate Plaintiff's state and federal constitutional rights, abuse process, maliciously prosecute

Plaintiff, falsely arrest and detain Plaintiff, intentionally cause emotional distress, and otherwise violate Plaintiff's rights in retaliation for the exercise of his constitutional rights and to obtain his removal or voluntary resignation by the City Council.

40. As a result of these actions, Plaintiff has suffered severe economic damages, emotional distress, mental anguish, and other damages exceeding $1,000,000.00.

## COUNT I – SECTION 42 USC 1983

41. All the above paragraphs are incorporated herein by reference.

42. Defendants violated Plaintiff's constitutional rights in one or more of the following ways:

    a. Abusing legal process to maliciously harm Plaintiff.

    b. Malicious prosecution of Plaintiff.

    c. Falsely arresting, detaining, and imprisoning Plaintiff.

    d. Governmental defamation of Plaintiff.

    e. Singling out Plaintiff for disparate treatment as a protected "Class of One."

    f. Violating Plaintiff's substantive and procedural due process rights.

    g. Retaliating against Plaintiff for exercising his constitutional rights.

43. As a result of these constitutional violations, Plaintiff has suffered economic, emotional, and physical damages exceeding $1,000,000.00.

## COUNT II – CONSPIRACY UNDER 42 U.S.C. 1983

44. All the above paragraphs are incorporated herein by reference.

45. The Defendants acted maliciously and in coordination with the common purpose and agreement of attempting to harm Plaintiff, including securing his removal from public office,

by manufacturing baseless allegations, abusing process, malicious prosecution, illegally searching and detaining, and otherwise violating Plaintiff's constitutional rights.

46. The actions of Defendants constitute a conspiracy.

47. As a result of Defendants' actions, Plaintiff has suffered economic, emotional, and physical damages exceeding $1,000,000.00.

**COUNT III – ABUSE OF PROCESS**
**(ONLY AGAINST STATE OF KANSAS, ZENTNER, AND POTTER)**

48. All the above paragraphs are incorporated herein by reference.

49. State of Kansas, Zentner, and Potter ("State Defendants") made an illegal, improper, and unauthorized use of the process.

50. The State Defendants knew of the illegal, improper, and unauthorized use of the process.

51. This was done to harass and cause great hardship to the Plaintiff.

52. As a result of these actions, Plaintiff suffered economic, emotional, and physical damages exceeding $1,000,000.00.

**COUNT IV – INTENTIONAL OR RECKLESS INFLICTION OF EMOTIONAL DISTRESS**
**(ONLY AGAINST STATE OF KANSAS, ZENTNER, AND POTTER)**

53. All the above paragraphs are incorporated herein by reference.

54. The State Defendants acted intentionally or in reckless disregard of the Plaintiff and his rights.

55. The conduct was extreme and outrageous.

56. As a result of this conduct, Plaintiff suffered and continues to suffer mental distress, which is extreme and severe.

## COUNT V – MALICIOUS PROSECUTION (STATE LAW)
## (ONLY AGAINST CITY OF SMITH CENTER AND SMITH COUNTY)

57. All the above paragraphs are incorporated herein by reference.

58. In its effort to silence and discredit Plaintiff for raising valid concerns about the City's operations and Defendant's Wiehl's personal and professional conduct, Smith Center and Smith County procured, through their employees Defendants Padilla, Wiehl, and Owen, working with Defendant Zentner, a bogus criminal charge against Plaintiff.

59. The charges were brought on May 5, 2021 and included alleged sex crimes, criminal threat, and stalking.

60. In procuring these charges, Defendants Smith Center and Smith County and their employees knew that they were acting without probable cause and with malice. Their motivation was simply to stop Plaintiff from exercising his free speech rights.

61. All of these criminal charges were dismissed or otherwise concluded in Plaintiff's favor on February 4, 2022, after a week-long jury trial.

62. For having endured this ordeal, Plaintiff suffered significant damages, both personally and professionally, monetarily, reputationally, and emotionally.

63. On a personal level, Plaintiff has suffered severe and persistent emotional distress.

64. Professionally, Plaintiff has seen a diminution in his business opportunities and prospects as a result of the explosive criminal charges drummed up against him in his small community.

65. In addition to a loss of professional opportunities, Plaintiff has been directly monetarily harmed by the trumped-up charges, bonding out after being seized and

booked by paying $100,000.00 of his own funds. Plaintiff also incurred significant legal costs, including attorney's fees for his criminal defense.

66. Plaintiff has also seen his reputation in the small community in which he lives irretrievably damaged due to the nature of the false and baseless criminal charges leveled against him.

67. As a result of these actions, Plaintiff suffered economic, emotional, and physical damages exceeding $1,000,000.00.

## COUNT VI – ABUSE OF PROCESS (STATE LAW)
### (ONLY AGAINST CITY OF SMITH CENTER AND SMITH COUNTY)

68. All the above paragraphs are incorporated herein by reference.

69. In procuring the baseless criminal charges against Plaintiff in retaliation for his exercise of his free speech rights, Defendants Smith Center and Smith County, acting through their employees Wiehl, Padilla, and Owen, knowingly made illegal and improper use of the judicial process.

70. The purpose of this illegal and improper use of the judicial process was to harass and cause hardship to the Plaintiff.

71. As set forth in detail above, this harassment and hardship resulted in damage to the Plaintiff in both his personal and professional life, including monetarily, reputationally, and emotionally.

72. As a result of these actions, Plaintiff suffered economic, emotional, and physical damages exceeding $1,000,000.00.

## COUNT VII – INTENTIONAL OR RECKLESS INFLICTION OF EMOTIONAL DISTRESS (STATE LAW)
### (ONLY AGAINST CITY OF SMITH CENTER AND SMITH COUNTY)

73. All the above paragraphs are incorporated herein by reference.

74. Defendants Smith Center and Smith County did, through the actions of their employees and Defendants Wiehl, Padilla, and Owen, in procuring the baseless criminal charges against Plaintiff in retaliation for the exercise of his free speech rights, and by subjecting Plaintiff to the full weight of a State criminal prosecution, act in a manner that was intentional or in reckless disregard of the Plaintiff.

75. The conduct was extreme and outrageous. Plaintiff had to expend $100,000.00 of his personal funds in order to meet his bond, plus thousands of dollars of attorney's fees in his defense. Plaintiff also suffered a loss of professional opportunities due to his facing the baseless criminal charges. Furthermore, these false charges, brought to punish Plaintiff, irretrievably damaged his reputation in the community.

76. The conduct of Defendants Smith Center and Smith County caused Plaintiff to suffer mental distress, because the baseless charges negatively affected him personally, professionally, reputationally, and financially.

77. Plaintiff's mental distress – brought on by Defendants Smith Center and Smith County's conduct – was and remains extreme and severe.

78. As a result of these actions, Plaintiff suffered and continues to suffer mental distress, which is extreme and severe.

## COUNT VIII – FALSE ARREST (STATE LAW)
## (ONLY AGAINST CITY OF SMITH CENTER AND SMITH COUNTY)

79. All the above paragraphs are incorporated herein by reference.

80. The conduct of Defendants Smith Center and Smith County, acting through their employees Defendants Wiehl, Padilla, and Owen, did result in the restraint of Plaintiff's personal freedom without legal excuse.

81. On the day the baseless Criminal Complaint was filed, Plaintiff was seized and booked, and only released after paying a $100,000.00 bond with his own money.

82. On July 1, 2021, Plaintiff was arrested for allegedly violating Defendant Padilla's application for protection order.

83. Plaintiff spent the night in jail and appeared before the Smith County District Court on July 2, 2021 in a jail jumpsuit and handcuffs.

84. Plaintiff was then confined to his parents' home, with an ankle monitor, until on or about July 9, 2021.

85. As a result of these actions, Plaintiff suffered economic, emotional, and physical damages exceeding $1,000,000.00.

## COUNT IX – EQUAL PROTECTION (STATE LAW)
## (ONLY AGAINST CITY OF SMITH CENTER AND SMITH COUNTY)

86. All the above paragraphs are incorporated herein by reference.

87. Plaintiff was unlawfully and unconstitutionally denied his right to Equal Protection provided in Section 2 of the Bill of Rights of the Kansas Constitution by Defendants Smith Center and Smith County, when they weaponized the governmental prosecutorial and law enforcement apparatus against him.

88. Specifically, Smith Center employees Defendants Padilla and Wiehl, along with Smith County employee Defendant Owen, conspired with the SCSD to have the SCDC investigate clearly unfounded criminal complaints against Plaintiff.

89. This included Smith Center employees Defendants Wiehl and Padilla, along with Smith County employee Owen, making unsubstantiated charges against Plaintiff related to threats and stalking and then using those charges as the basis of police reports and orders of protection.

90. These threat and stalking allegations provided the fig leaf necessary for SCDC, as part of its investigation into those allegations, to unlawfully and unconstitutionally seize and search Plaintiff's cell phone, including downloading all of the data off of it.

91. Furthermore, Defendant and Smith County employee Owen did conspire with Defendant Zentner to bring a baseless criminal complaint that subjected Plaintiff to substantial attorney's fees, irreparably damaged his reputation, led to him spending a night in jail and a week on house arrest, and caused extreme mental and emotional distress.

92. As a result of these actions, Plaintiff suffered economic, emotional, and physical damages exceeding $1,000,000.00.

**COUNT X – UNREASONABLE SEARCH AND SEIZURE (STATE LAW)
(ONLY AGAINST CITY OF SMITH CENTER AND SMITH COUNTY)**

93. All the above paragraphs are incorporated herein by reference.

94. Section 15 of the Bill of Rights of the Kansas Constitution grants Plaintiff the right to be free from unlawful searches and seizures.

95. Plaintiff was denied that right in violation of his constitutional rights under Section 15 when Defendants Smith Center and Smith County, by conspiring to manufacture baseless criminal threat and stalking claims against Plaintiff, such as Smith County employee Defendant Wiehl's application for a protection order that he voluntarily dropped in September 2020, helped facilitate the SCSD's and KBI's search and seizure of

Plaintiff's cell phone, going through all of his data, including his text conversations, and then downloading that data.

96. As a result of these actions, Plaintiff suffered economic, emotional, and physical damages exceeding $1,000,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendants for damages in an amount exceeding one million dollars ($1,000,000.00), including fair and reasonable actual damages; damages for Plaintiff's emotional pain, suffering, distress, and mental anguish, harm to his reputation and other nonpecuniary losses; all costs, expenses, and fees, including reasonable attorneys' fees; and for all other relief deemed just and proper by this Court.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

**GATES SHIELDS FERGUSON SWALL HAMMOND, P.A.**

By: _____
Court T. Kennedy KS # 22067
10990 Quivira; Suite 200
Overland Park, KS 66210-1284
Telephone: (913) 661-0222
Facsimile: (913) 491-6398
ckennedy@gatesshields.com

**ATTORNEY FOR PLAINTIFF**