# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SHAWN BURKE PHELPS,

    Plaintiff,

v.

STATE OF KANSAS, *et al.*,

    Defendants.

Case No. 23-2206-DDC-RES

## ORDER

This matter comes before the Court on Plaintiff Shawn Burke Phelps' Motion for Leave to Amend. ECF No. 53. Plaintiff seeks leave to file a 132-page third amended complaint containing 937 enumerated paragraphs. Defendants have filed a response in opposition. ECF No. 56. Because Plaintiff's Motion violates this District's local rules and the proposed third amended complaint does not comply with Federal Rule of Civil Procedure 8, the Court denies this Motion without prejudice to refiling.

## I.  NONCOMPLIANCE WITH D. KAN. RULE 15.1

D. Kan. Rule 15.1 governs motions for leave to file an amended pleading. The rule requires that the motion:

> (1) set forth a concise statement of the amendment or leave sought;
> (2) attach the proposed pleading or other document; and
> (3) in the case of a proposed amended pleading, a non-pro se filer must also attach a redlined version of the proposed amendment that shows all proposed changes to the pleading; and
> (4) comply with the other requirements of D. Kan. Rule 7.1.

The Motion fails to set forth a concise statement of the amendment or leave sought, as required by D. Kan. Rule 15.1(a)(1). *See generally* ECF No. 53. Instead, the Motion details Plaintiff's general allegations concerning Defendants and explains that the review of voluminous

evidence took months to complete, but it fails to set forth a concise statement of the proposed amendments or explain why it is seeking leave to assert any specific amendment. *See id.* The omission is particularly significant given the sweeping nature of the proposed amendments and the sheer length of the proposed third amended complaint.

Plaintiff has attached a redline version of the proposed pleading, as is required by D. Kan. Rule 15.1(a)(3). *See* ECF No. 53-1. But the redline version tracks changes made to Plaintiff's first amended complaint, not the operative second amended complaint. *See, e.g.*, *id.* at 1 (noting that the title was changed from "FIRST AMENDED COMPLAINT" to "THIRD AMENDED COMPLAINT"). D. Kan. Rule 15.1(a)(3) is aimed at requiring a redline version that shows all proposed changes from the operative pleading, not a prior pleading that has been superseded. Additionally, the "clean version" of the proposed pleading appears to contain editing marks, which creates confusion as to what Plaintiff intends to plead. *See, e.g.,* ECF No. 53-2 at 6, ¶ 30. In sum, Plaintiff has not strictly complied with the local rule, which alone subjects the motion to denial. *Shrader v. Biddinger*, 633 F.3d 1235, 1249 (10th Cir. 2011) ("Noncompliance with procedures required by local rule is a proper basis for denial of a motion to amend.").

**II.   RULE 8**

Even more critical is that the proposed pleading does not comply with Rule 8's pleading requirements. Among other things, Rule 8(a) requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Rule 8(d) goes on to state that "[e]ach allegation must be simple, concise, and direct." The purpose of the rule is to give fair notice of the plaintiff's claims. *Baker v. Blue Valley Sch. Dist. USD 229*, No. 221CV02210HLTTJJ, 2021 WL 2577468, at *4 (D. Kan. June 23, 2021) (citing *Schupper v. Edie*, 193 F. App'x 744, 745-46 (10th Cir. 2006)).

In this case, Defendants oppose Plaintiff's Motion on multiple grounds, including noncompliance with Rule 8. ECF No. 56 at 1-2. In addition to the arguments Defendants raise, the Court separately cannot determine what claims Plaintiff is attempting to assert against each Defendant. The proposed pleading is unclear in the following respects:

- Many claims fail to clearly identify the Defendants against whom/which they are asserted.

- With respect to the individual Defendants—all of whom are named in both their individual and official capacities—the claims section fails to specify which claims are asserted against these Defendants in their individual capacities, official capacities, or both.

- Multiple Defendants' names appear only in the case caption and factual contentions section but not in the portion of the complaint setting forth Plaintiff's claims. These parties include Defendants Lehman, Conaway, and the State of Kansas. The Court is unclear what, if any, claims Plaintiff is attempting to assert against these Defendants. *See also* ECF No. 56 at 7 n.3 (Defendants' response brief, noting confusion about why Lehman is named as a Defendant).

- Claims that were previously pleaded as arising under 42 USC § 1983 are now pleaded as violating "42 U.S.C. 1983 as well as the state and federal constitutional rights of Plaintiff[.]" *See, e.g.,* ECF No. 53-2 at 67, ¶ 337. The Court is unclear what this means. In some cases, claims arising under federal law and Kansas common law appear to be pleaded collectively. *See, e.g., id.* at ¶ 342 (pleading a "governmental defamation" claim as a violation of "42 USC 1983, Plaintiff's state and federal constitutional rights, and state defamation laws").

- The Court is unclear as to how many separate causes of action Plaintiff is attempting to assert because they are not clearly or consistently enumerated by count. The same causes of action appear to be pleaded repeatedly throughout the pleading based on the roman-numeral headings. It appears that causes of action are alleged multiple times based on conduct or facts, rather than setting forth all alleged conduct and facts that support a cause of action under a single cause of action. *See, e.g., id.* at 65, 70, 74, 85 (setting out a governmental retaliation claim under multiple roman-numeral headings pertaining to discrete factual occurrences). If this case were to proceed to the pretrial conference, it would be exceedingly difficult to draft a pretrial order setting forth each cause of action because of the way these claims are pleaded in the proposed third amended complaint.

- The decision to list a single cause of action multiple times is additionally confusing because in many instances, Plaintiff begins the cause of action section by incorporating all preceding factual allegations by reference. *See, e.g.,* ECF No. 53-2 at 65. If all facts

3

      alleged in the complaint support each cause of action, there is no reason to list a cause of action proceeding against the same Defendants multiple times.

- Finally, groups of Defendants are identified in a confusing manner, which makes it not possible to identify which Defendants are named in which cause of action and what conduct by which Defendants is relevant to that specific cause of action. For example, in one portion of the proposed pleading, Plaintiff refers to Defendants Wiehl, Owen, and Padilla as the "First Conspirators," ECF No. 53-2 at 65, ¶ 329, but in another portion of the proposed pleading, Defendants Weihl, Owen, Padilla, and Bailey are referred to as "Principal Conspirators," *Id.* at 71, ¶ 377. Defendants Dowling and Presbrey are referred to as "Deputy Conspirators," *Id.* at 75, ¶ 411, but Defendants Dowling, Presbrey, and Zentner are referred to as "Secondary Conspirators," *Id.* The proposed pleading also refers to "Primary Conspirators," but this term is not defined. *Id.* at 80, ¶ 462.

      Taken as a whole, the Court cannot determine what claims Plaintiff is attempting to assert against which Defendants and in which capacities. To the extent Plaintiff believes he can cure these issues, the Court will provide him an opportunity to attempt to replead. Any renewed motion to amend must strictly comply with the local rules and must be accompanied by a proposed pleading that, at a minimum, makes clear: (1) which claims are asserted against which Defendant and, if applicable, in which capacity; and (2) the pleading must make clear the specific type of claim Plaintiff is attempting to assert—i.e., a § 1983 clam or a claim arising under state law. The Court strongly encourages Plaintiff to enumerate claims by count for clarity and to make revisions that omit extraneous details with the aim of significantly condensing what is currently a lengthy proposed pleading that is inconsistent with Rule 8's requirement of a short and plain statement.

      If Plaintiff elects to file a renewed motion to amend, he is directed to provide a copy of the proposed revised third amended complaint to Defendants on or before February 29, 2024. On or before March 5, 2024, the parties shall meet and confer by videoconference regarding the proposed

4

pleading, with the aim of discussing any issues that create genuine confusion so that Plaintiff may attempt to address these matters before the proposed pleading comes before the Court.[1]

On or before March 7, 2024, Defendants must inform Plaintiff in writing whether they will oppose a new motion for leave to amend.[2] On or before March 11, 2024, Plaintiff must file a renewed motion for leave to amend, noting whether any Defendant opposes the motion. Any renewed motion is limited to ten (10) double-spaced pages.[3] The Court will impose an expedited briefing schedule and set page limitations after reviewing the renewed motion.

---

[1] Plaintiff notes in his reply that he has offered to "tone down" certain allegations in an apparent attempt to address some of Defendants' concerns. ECF No. 59 at 10. The Court strongly encourages Plaintiff to take those steps and encourages the parties to discuss this issue and potential compromises to any remaining concerns.

[2] Of course, a decision not to oppose a motion to amend in no way precludes Defendants from filing a motion to dismiss or otherwise challenging any allegations or claims asserted in the amended complaint.

[3] If contested motion practice becomes necessary, the Court encourages both sides to focus on the proposed amendments themselves, not arguments that would apply with equal force to the claims already pleaded. *See Russell v. Kiewit Energy Grp., Inc.*, No. 18-2144-KHV-JPO, 2020 WL 1547832, at *2 (D. Kan. Apr. 1, 2020) ("Adding factual allegations to support an existing claim to bolster the claim will rarely render the claim futile."); *Ad Astra Recovery Servs., Inc. v. Heath*, No. 18-1145-JWB-ADM, 2019 WL 7187329, at *6 (D. Kan. Dec. 26, 2019) ("Any pleading deficiencies contained in the operative pleading do not present a compelling reason for the court to deny the motion to amend to add separate allegations."); *W & W Steel, LLC v. BSC Steel, Inc.*, No. 11-2613-RDR-KGS, 2012 WL 1828928, at *1 (D. Kan. May 18, 2012) ("Screening claims already in the case would serve no practical purpose because in the event the court would deny the motion to amend, these claims would remain. The proper mechanism for attempting to dispose of claims originally asserted would be to file a motion to dismiss[.]").

Additionally, if further briefing is necessary, the Court encourages Defendants to revisit their bad faith argument considering Plaintiff's counsel's representations in the reply brief—specifically, that counsel drafted the proposed pleading using his professional judgment and was unaware that Plaintiff himself had distributed the proposed pleading (which is a public filing) or that Plaintiff had contacted a Defendant's parent. ECF No. 59 at 10. The Court has reviewed the voicemail message, which was conventionally filed with the Court, ECF No. 58, and reviewed Plaintiff's characterization of the message. The Court notes that even inappropriate conduct does not necessarily demonstrate that the entirety of the proposed amendments targeted at all Defendants are made in bad faith. *See United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 198 (4th Cir. 2022) (describing bad faith as including "outright lying, deceiving,

If Plaintiff instead elects to proceed on the second amended complaint, the current operative complaint, he must notify the Magistrate Judge's chambers by February 29, 2024, and the Court will impose a deadline for Defendants to respond to the second amended complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend (ECF No. 53) is **DENIED** without prejudice to refiling in compliance with the directives set out above.

**IT IS SO ORDERED.**

Dated: February 23, 2024, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge

---

playing unjustifiable hardball, slacking off, intentionally causing confusion, or stubbornly refusing to follow rules—you can imagine cases where a party just wants to cause chaos—or it might be something as mundane as noticing someone's mistake and saying nothing about it"). Moreover, Plaintiff's counsel provides an explanation for the delay in seeking to amend, which may address Defendants' concerns regarding timing. *See* ECF No. 59 at 10 (explaining that counsel spent months reviewing recorded interviews, transcripts, notes, and other materials provided by Plaintiff).