IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAWN BURKE PHELPS,

     Plaintiff,

v.

STATE OF KANSAS, et al.,

     Defendants.

Case No. 23-2206-DDC-RES

## MEMORANDUM AND ORDER

Plaintiff has filed a Motion to Strike Docs. 78-1 and 86-3 from the Record (Doc. 114). The court declines to do so, and explains why, below.

**I.    Motion to Strike (Doc. 114)**

Plaintiff asks the court to strike the Journal Entry of Preliminary Hearing (Doc. 78-1) and the Proposed Charges Affidavit (Doc. 86-3) from the record. Doc. 114 at 1. In so doing, he appeals to the court's "'broad inherent power to manage the proceedings and affairs before it[.]'" *Id.* at 3–4 (quoting *Shaw v. Jones*, No. 19-1343-KHV, 2020 WL 2296743, at *1 (D. Kan. May 7, 2020)). The exhibits in question—defendants attached them to their Motions to Dismiss (Doc. 77; Doc. 86)—are plaintiff's expunged state court criminal records. *Id.* at 1. Plaintiff argues that defendants never should have filed these records in this case's public docket. *Id.* at 3. In fact, plaintiff asserts, defense counsel never even should have seen them. *Id.*

Defendants[1] call foul. They argue that these exhibits are related to the controversy at hand—namely, plaintiff's malicious prosecution claims. Doc. 118 at 1–3. And, defendants

---

[1]    Defendants respond in two filings, broken down in groups of defendants. Doc. 118; Doc. 121. For purposes of this Order, the court refers to all defendants collectively.

assert, their expunged status doesn't warrant striking them. *Id.* After all, defendants explain, plaintiff put the expunged records at issue in this federal court case. Doc. 121 at 3. He pleaded detailed facts about the state criminal charges, the suppressed evidence in the state case, and the eventual dismissal of those charges. *Id.*

Defendants spend much of their briefs applying Fed. R. Civ. P. 12(f) to the material at issue. Doc. 118 at 2–3; Doc. 121 at 1–2. But Rule 12(f) doesn't apply. Rule 12(f) governs motions to strike material from a *pleading*. A motion to dismiss and its exhibits aren't pleadings. *See* Fed. R. Civ. P. 7 (distinguishing "Motions and Other Papers" from "Pleadings" and listing the seven types of pleadings—a list that doesn't include a motion to dismiss). And so, the court can't decline to strike them using Rule 12(f). *See Med. Supply Chain, Inc. v. Neoforma, Inc.*, 419 F. Supp. 2d 1316, 1326 (D. Kan. 2006) (finding that two renewed motions to dismiss did "not fall within the purview of Rule 12(f)").

But defendants' efforts aren't fruitless. Their underlying point is a compelling one: The exhibits in question are related—squarely—to the dispute before the court. And plaintiff put them at issue. *See* Doc. 65 at 45 (Third Am. Compl. ¶ 236) (alleging "Zentner charged Plaintiff with numerous criminal charges based on knowingly false allegations and without probable cause" on May 5, 2021); Doc. 86-3 (May 2021 probable cause affidavit); Doc. 65 at 48 (Third Am. Compl. ¶ 249) (describing hearing on June 14, 2021); Doc. 78-1 (Journal Entry of Preliminary Hearing, dated June 14, 2021). Plaintiff asserts that the relevant details in these exhibits "relate only to the stalking and criminal threat allegations, which comprise very little" of the exhibits. Doc. 114 at 3. The court isn't convinced.

As defendants emphasize, other courts have prevented plaintiffs from weaponizing state expungement statutes. Doc. 118 at 3–4 (collecting cases). The court's research didn't turn up

any Tenth Circuit or District of Kansas cases doing so.  But it finds the rationale of other courts persuasive.  *See In re State Bar of Tex.*, 440 S.W.3d 621, 625–26 (Tex. 2014) (explaining that plaintiff in a federal lawsuit effectively "unexpunged his records by putting [them] at issue in another proceeding" (quotation cleaned up)); *Ulinsky v. Avignone*, 372 A.2d 620, 623 (N.J. Super. Ct. App. Div. 1977) (concluding malicious prosecution plaintiff must consent to disclosure of expunged records to defendant, or otherwise face dismissal because "[b]y initiating the present suit plaintiff has made disclosure to defendants and the court of the events reflected in the expunged records"); *Goss v. Houston Cmty. Newspapers*, 252 S.W.3d 652, 656 (Tex. Ct. App. 2008) ("[B]y bringing this lawsuit regarding his arrest, [plaintiff] put the expunged records at issue, and thus appellees are entitled to use them.").

Without any rational doubt, these records connect to plaintiff's allegations in the Third Amended Complaint.[2]  It's up to the parties—at a later stage—to show the exhibits' salience to any claims and defenses.  The court agrees with the courts cited above, concluding plaintiff can't challenge his criminal prosecution in a civil suit and then prevent defendants from using the expunged records to defend his allegations.  "The shield of expungement cannot be converted into a sword upon which to impale defendants in malicious prosecution suits."  *Ulinsky*, 372 A.2d at 624.  Exercising its discretion, the court declines to strike Docs. 78-1 and 86-3.

**II.   Sanctions**

Plaintiff also seeks sanctions against Defendants Holt, Zentner, and Owen "for being responsible for these expunged documents being published in Pacer."  Doc. 114 at 1.  He never explains what sanction he envisions.  He doesn't cite a case ordering sanctions in these

---

[2]   Plaintiff since has filed a Fourth Amended Complaint.  Doc. 129.  The court has denied the relevant Motions to Dismiss as moot, but without prejudice to refiling.  Doc. 130.

circumstances. He appears to argue that because Kansas law provides a restriction against disclosing expunged records, the court should penalize the State Defendants for disclosing those records to counsel defending this case. *Id.* at 1–2. The court's not persuaded. Plaintiff hasn't identified a reason to strike the exhibits or sanction defendants, and the court declines to do so.

Defendants put it best: The court shouldn't "allow a Plaintiff to seek expungement, only to turn around and file a lawsuit arising out of the expunged proceedings while simultaneously prohibiting reference to records of the expunged proceedings." Doc. 118 at 3. That sums it up.

**IT IS THEREFORE ORDERED THAT** plaintiff's Motion to Strike Docs. 78-1 and 86-3 from the Record (Doc. 114) is denied.

**IT IS SO ORDERED.**

**Dated this 17th day of March, 2025, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
